UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| XIN SHI #A216610698 | CASE NO.  6:18-CV-01514 SEC P |
| VERSUS | JUDGE JUNEAU |
| KIRSTJEN MICHELE NIELSEN ET AL | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATION

Before the Court is Respondents' Motion To Dismiss the Verified Petition for Writ of Habeas Corpus, pursuant to Federal Rule 12(b)(1), for Lack of Jurisdiction. [Rec. Doc. 13]  For the reasons set forth below, the undersigned recommends that Respondents' Motion To Dismiss be granted.

On November 19, 2018, Xin Shi filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, seeking his release from immigration detention.  In the petition, Shi contended he was being held in Pine Prairie Correctional Center, in Pine Prairie, Louisiana, on an immigration charge, and challenged his detention.  *Id*.  On January 2, 2019, Shi was released from custody on an order of supervision. [Rec. Doc. 13-2]

Petitioner was detained when this writ was filed, and, thus, he satisfied the "in custody" requirement for habeas corpus review under 28 U.S.C. § 2241. Although custody remains an essential element of habeas corpus relief, jurisprudence does not

require that a person be physically confined in order to challenge his confinement on a habeas petition. *See Maleng v. Cook*, 490 U.S. 488, 492(1989); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968) (collateral consequences may follow a conviction precluding a finding of mootness). However, for a habeas petition to present a live controversy in cases in which a petitioner seeks release from custody and has, in fact, been released, "there must be some remaining 'collateral consequences' that may be redressed by success on the petition." *Spencer v. Kemma*, 523 U.S. 1, 7 (1998); *see also, Merlan v. Holder*, 667 F.3d 538, 539 (5th Cir. 2011). There are no collateral consequences in the instant matter.

Because Petitioner seeks only to be released from detention, his custody status is the only issue for determination with regard to his writ of habeas corpus. As such, his release from custody suggests that the subject matter jurisdiction of this Court is lacking. Petitioner's claim that he is detained in violation of law is moot or alternatively, without merit, and this petition should be dismissed.

Based on the foregoing, the undersigned recommends that the Motion To Dismiss Pursuant To Federal Rule 12(b)(1) filed by the Government [Rec. Doc. 13], be **GRANTED**, the Petition for Writ of Habeas Corpus be DISMISSED without prejudice and that this proceeding be terminated.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this

report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

THUS DONE in Chambers on this 18th day of March, 2019.

	_____
	Patrick J. Hanna
	United States Magistrate Judge